Jeffrey H. Lowenthal (State Bar No. 111763)
Jill K. Cohoe (State Bar No. 296844)
STEYER LOWENTHAL BOODROOKAS
 ALVAREZ & SMITH LLP
235 Pine Street, 15th Floor
San Francisco, California 94104
Telephone: (415) 421-3400
Facsimile: (415) 421-2234
E-mail: jlowenthal@steyerlaw.com
 jcohoe@steyerlaw.com

Attorneys for Defendant
Byrne's Special Works, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENG LEE, PIONEER 74 LOTS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BYRNE'S SPECIAL WORKS, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-03629-RFL<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 7, 2025<br>Time: 10:00 a.m.<br>Ctrm: 15 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 7, 2025, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Rita F. Lin in Courtroom 15 of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, defendant Byrne's Special Works LLC ("Defendant") will and hereby does move for this Court to impose sanctions on Plaintiffs and their counsel under Federal Rule Civil Procedure 11 and the Court's inherent power. Among other things, the Complaint lacks subject matter jurisdiction, is barred by res judicata and the statute of limitations, fails to state a claim, is frivolous and was filed in bad faith. *See* Fed. R. Civ. P. 11(b)(1) and (2). Defendant therefore seeks an order from the Court: (1) dismissing the Complaint with prejudice; and (2) awarding to Defendant the reasonable fees and expenses it incurred in presenting this Motion and the previously filed Motion to Dismiss. *See* Fed. R. Civ. P. 11(c)(1), (2), (4); *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1184 (2017). As set forth in the Declaration of Jill K. Cohoe, Defendant seeks to recover monetary sanctions in the amount of $11,230.50 against Plaintiffs and their counsel of record, Reshma Kamath, jointly and severally.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying declaration and exhibits thereto, the documents on file with the Court and such further evidence and argument as the Court may permit.

Dated: November 15, 2024

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

By: /s/ Jill Cohoe
Jeffrey H. Lowenthal
Jill K. Cohoe
Attorneys for Defendant
Byrne's Special Works, LLC

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 7 |
| II. | RELEVANT BACKGROUND | | 9 |
| | A. | THE QUIET TITLE ACTION CONCLUSIVELY DETERMINED DEFENDANT OWNS THE SUBJECT PROPERTY AND PLAINTIFFS HAVE NO INTEREST THEREIN | 9 |
| | B. | ENG AGAIN ATTEMPTS TO CHALLENGE DEFENDANT'S OWNERSHIP OF THE PROPERTY THOUGH THIS ACTION | 9 |
| III. | DISCUSSION | | 10 |
| | A. | RULE 11 SANCTIONS ARE APPROPRIATELY IMPOSED AGAINST PLAINTIFFS AND THEIR COUNSEL BECAUSE THE COMPLAINT IS FRIVOLOUS | 11 |
| | | 1. The Court Lacks Subject Matter Jurisdiction Over the Claims | 11 |
| | | 2. Res Judicata Bars Claims Arising from Defendant's Ownership of the Subject Property | 12 |
| | | 3. The Complaint is Barred by the Statute of Limitations | 13 |
| | | 4. The Complaint Fails to State a Claim Under any Legal Theory | 13 |
| | |     a. Declaratory Relief (First Cause of Action) | 14 |
| | |     b. Breach of Contract (Second Cause of Action) | 15 |
| | |     c. Nuisance (Third Cause of Action) | 15 |
| | |     d. Civil Conspiracy (Fourth Cause of Action) | 15 |
| | |     e. Violation of Trust in Lending Act (Fifth Cause of Action) | 16 |
| | |     f. Violation of Fair Lending Practices (Sixth Cause of Action) | 16 |
| | |     g. Estoppel - Illegal Permit Building (Seventh Cause of Action) | 16 |
| | |     h. Eminent Domain (Eighth Cause of Action) | 16 |
| | |     i. Financial Elder Abuse (Ninth Cause of Action) | 17 |
| | |     j. Violation of California Civil Code §2924 | 17 |
| | B. | THE COURT SHOULD DISMISS THE COMPLAINT AND IMPOSE MONETARY SANCTIONS | 17 |
| IV. | CONCLUSION | | 19 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................. 14

*BASF Corp. v. Cesare's Collision Repair & Towing, Inc.,* 364 F.Supp.3d 1115, 1122 (E.D. Cal. 2019) ............................................................................................................. 13

*BHRS Group, LLC v. Brio Water Technology, Inc.,* 553 F.Supp.3d 793, 798 (C.D. Cal. 2021) ......................................................................................................................... 14

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 553 (1991) ................. 19

*Byrnes Special Works, LLC v. Eng* (1st Dist. Cal. June 30, 2022) No. A163012 ..................... 9

*Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002) ........................................ 10, 11, 19

*Conn v. Borjorquez,* 967 F.2d 1418, 1421 (9th Cir. 1992) ................................................. 10

*Coppola v. Smith,* 935 F.Supp.2d 993, 1018 (E.D. Cal. 2013) ............................................ 15

*Czech v. Herrera,* 2023 WL 7968410 (2d Cal. Nov. 17, 2023) .......................................... 8, 18

*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813 ....................................................... 12

*Eng v. Dimon,* No. C 11-3173, 2012 WL 3659600 (N.D. Cal. Aug. 24, 2012) ........................ 9

*Eng v. Marcus & Millichap Co.,* 2011 WL 2175207 (N.D. Cal. June 3, 2011) at *3 ............. 8, 18

*Eng v. Washington Mut. Bank, FA,* 586 Fed.Appx. 376, 377 (9th Cir. 2014) ....................... 10

*Eng v. Washington Mutual Bank*, No. C-12-05062, 2013 WL 622363 (N.D. Cal. Feb 14, 2013) ......................................................................................................................... 9, 18

*Eng v. Yoch* (Cal. Ct. App., Dec. 28, 2011, No. A130714) 2011 WL 6820387, at *3 ......... 10, 18

*Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189 ................................ 16

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017) ............................ 2, 17

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) .............. 12

*Greenberg v. Sala,* 822 F.2d 882, 885 .............................................................................. 11

*Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005) .................................................... 11

*Jenkins v. Jiminez,* C.D. Cal., case no. 8:23-cv-01317-JWH-DFM, Docket #69 ................. 8

*Kamath v. Alsup et al.,* N.D. Cal., case no. 3:23-cv-06494-GPC .................................... 19

*Kar v. Patel*, N.D. Cal., case no. 4:23-cv-02064-YGR, Docket #87, Oct. 16, 2023 ........... 8, 18

*Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571 ..................................... 15

| | |
|---|---|
| *Lucido v. Superior Court* (1990) 51 Cal.3d 335 | 12 |
| *Maheu v. CBS*, 201 Cal.App.3d 662, 673 (1988) | 13 |
| *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888 | 12 |
| *National Wildlife Fed. v. Espy,* 45 F.3d 1337, 1342 (9th Cir. 1995) | 14 |
| *Poore v. Simpson Paper Co.,* 566 F.3d 922 (9th Cir. 2009) | 12 |
| *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.,* 2023 WL 7555284 (N.D. Cal. Nov. 13, 2023) | 18 |
| *Richardson-Tunnell v. School Insurance Program for Employees* (2008) 157 Cal.App.4th 1056 | 17 |
| *Rutgard v. City of Los Angeles*, 52 Cal.App.5th 815, 825 (2020) | 16 |
| *San Diego Gas & Elec. Co. v. Superior Court,* 13 Cal.4th 893, 937 (1996) | 15 |
| *Schwartzman v. South Coast Tax Resolution, Inc.,* 2023 WL 7969843 (2d Cal. Nov. 17, 2023) | 18 |
| *Shamisan v. Atlantic Richfield Co.,* 107 Cal.App.4th 967, 979 (2003) | 13 |
| *Soman Properties, Inc. v. Rikuo Corp.,* 24 Cal.App.4th 471, 482 (1994) | 14 |
| *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) | 14 |
| *Susilo v. Wells Fargo Bank, N.A.,* 796 F.Supp.2d 1177, 1195 (C.D. Cal. 2011) | 13 |
| *Thibodeau v. Crum* (1992) 4 Cal.App.4th 749 | 13 |
| *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) | 11 |
| *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) | 11 |

**Statutes**

| | |
|---|---|
| 15 U.S.C. § 1601, *et seq.* | 12, 16 |
| 15 U.S.C. §1640(e) | 13 |
| 15 U.S.C. §1861s-2(a) | 12, 16 |
| 28 U.S.C. § 1331, 1332 | 11 |
| Cal. Civil Code §3480 | 15 |
| Cal. Civil Code section 2924 et seq | 10 |
| Cal. Code Civ. Proc. §337(a) | 13 |
| Cal. Code Civ. Proc., §1230.030 *et seq.* | 17 |

Fed. R. Civ. Proc. 11(c)(1), (2), (4) ................................................................................. 2, 17

Fed. R. Civ. Proc. 11(b)(3) .................................................................................................. 10

Fed. R. Civ. Proc. 11(c)(4) .................................................................................................. 10

Fed. R. Civ.Proc. 12(h)(3) ................................................................................................... 12

Local Rule 11-6(a)(1) ...................................................................................................... 8, 18

U.S. Const., 5th Amend; §§ 1240.010, 1240.030 ................................................................ 17

**Other Authorities**
Cal. Welf. & Inst. Code §15610.30 ..................................................................................... 17

Cal. Welf. & Inst. Code, §15657.7 ...................................................................................... 13

Miller & Starr, 4 Cal. Real Est. § 10:100 (4th ed.) ............................................................. 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Byrne's Special Works LLC ("Defendant") is the owner of the real property commonly known as 939 Lombard Street, San Francisco, California (the "Subject Property"), the property that is the subject of the Complaint in this Action. Defendant purchased the Subject Property from JP Morgan Chase Bank ("Chase") in 2018. Chase acquired the Subject Property through a nonjudicial foreclosure sale in 2011. Plaintiff Martin Eng ("Eng") owned the Subject Property prior to losing it in foreclosure and alleges that in 2008, during his ownership, he recorded a purported restrictive covenant (the "Restrictive Covenant") precluding all construction work at the Subject Property.

On May 23, 2018, Defendant initiated the case *Byrne's Special Works LLC v. Eng,* San Francisco County Superior Court case no. CGC-18-566741 (the "Quiet Title Action") against Eng, plaintiff Pioneer 74 Lots, LLC ("Pioneer" and collectively with Eng, "Plaintiffs"), and other entities owned or related to Eng that appeared to claim an interest in the Subject Property. Despite Eng's exhaustive efforts to obstruct entry of judgment - including filing seven bankruptcies on behalf of defendant entities that Eng claims are controlled by him, filing multiple motions to set aside default, and filing multiple appeals – on April 12, 2021, the San Francisco Superior Court entered judgment quieting title to the Property in favor of Defendant and expressly cancelling and expunging the Restrictive Covenant and declaring that Plaintiffs have no right, title, or interest in the Subject Property. Eng's subsequent attempts to set aside and appeal the Judgment were unsuccessful.

Although Defendant's ownership of the Subject Property has been conclusively litigated, Eng continues to seek yet another bite at the apple, this time in Federal Court, filing a new complaint that arises from Defendant's acquisition of the Subject Property and the Court's determination that Defendant is the rightful owner. As will be demonstrated herein, the Court should grant Defendant's Rule 11 Motion, dismiss the Complaint, and impose monetary sanctions against Eng and his counsel, Reshma Kamath, for filing this frivolous Complaint.

Eng has been declared a vexatious litigant in both California State Court and the Northern

District, affirmed by the Ninth Circuit. In orders sanctioning Eng for his conduct, the Northern District has noted that Eng "engage[s] in the litigation version of asymmetrical warfare," as he knows that he can file complaints for little cost and require defendants to "expend tens of thousands of dollars defending even nuisance suits." *Eng v. Marcus & Millichap Co.,* 2011 WL 2175207 (N.D. Cal. June 3, 2011) at *3. Over a decade ago, the Court noted that Eng "has been a party to approximately 100 suits, roughly half as a plaintiff" and admonished him for re-filing the same complaint in Federal court after it has been dismissed in State court. *Id.* at *4-5. Apparently, this and the multiple other orders subsequently entered against Eng by various courts admonishing his conduct as a vexatious litigant have been ineffective in deterring Eng from continuing to engage in such conduct.

Eng is apparently now aided in his frivolous and bad faith pursuit by an attorney, Reshma Kamath, to get around the prohibition against initiating new litigation in pro se that has been imposed against Eng for years in both Federal and California state courts. Kamath also appears to be a serial litigator, filing no less than six complaints in pro per in the Northern District in the last two years. Kamath has likewise been reprimanded for bad faith filings and disrespectful conduct in court, including in the recent case of *Czech v. Herrera,* 2023 WL 7968410 (2d Cal. Nov. 17, 2023), where the court sanctioned her for "unfounded and offensive accusations" against the court, filing "meritless" motions, and refusing to cease her conduct even when the court reported her to the State Bar. *Id.* at *5; *see also Kar v. Patel*, N.D. Cal., case no. 4:23-cv-02064-YGR, Docket #87, Oct. 16, 2023 (dismissing complaint and referring Ms. Kamath to Standing Committee on Professional Conduct under Local Rule 11-6(a)(1) "in light of unfounded allegations and apparent unprofessional conduct"); *Jenkins v. Jiminez*, C.D. Cal., case no. 8:23-cv-01317-JWH-DFM, Docket #69 (finding Kamath in contempt of Court).

There is no question that a reasonable attorney would not have filed this Complaint, which lacks Subject Matter Jurisdiction, is barred by res judicata and the statute of limitations, and fails to state a claim under any viable legal theory. Accordingly, Defendant respectfully requests an Order dismissing the Complaint and awarding Defendant the fees and expenses incurred in filing this Motion and its Motion to Dismiss pursuant to Rule 11.

8
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RULE 11 SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF        CASE NO. 3:24-CV-03629-RFL
2114757.1 - KEANE.BYRNE(ENGII)

## II. RELEVANT BACKGROUND

### A. THE QUIET TITLE ACTION CONCLUSIVELY DETERMINED DEFENDANT OWNS THE SUBJECT PROPERTY AND PLAINTIFFS HAVE NO INTEREST THEREIN

On May 23, 2018, Defendant initiated the Quiet Title Action, seeking a judgment quieting title to the Subject Property and the cancellation of instruments clouding the Subject Property's title recorded by Eng, entities under his control (including Pioneer), and/or his family members. On June 21, 2021, the Court entered Judgment (the "Quiet Title Judgment"), holding that Defendant "is the sole owner in fee simple" of the Subject Property and that Eng, Pioneer, and the related entities "have no right, title, estate, interest, or lien in or against the Subject Property." The Quiet Title Judgment further provides that the 2008 Restrictive Covenant is "cancelled, null and void, and without legal force or effect as to the Subject Property." Eng's appeal of the Quiet Title Judgment was subsequently dismissed. *Byrnes Special Works, LLC v. Eng* (1st Dist. Cal. June 30, 2022) No. A163012.

Not only has title to the Subject Property been affirmed in Defendant, but all of Eng's previous challenges to the foreclosure sale have been conclusively resolved against him. *See Eng v. Dimon,* No. C 11-3173, 2012 WL 3659600 (N.D. Cal. Aug. 24, 2012) (dismissing wrongful foreclosure complaint); *Eng v. Washington Mutual Bank*, No. C-12-05062, 2013 WL 622363 (N.D. Cal. Feb 14, 2013) (dismissing complaint and holding that "[b]ecause res judicata would apply to any action regarding the foreclosure of the Lombard property, it would be futile to allow plaintiff to amend his complaint again."), *aff'd* (9th Cir. 2014) 586 Fed.Appx. 376 ("The district court properly dismissed Eng's action as barred by the doctrine of res judicata because Eng allege claims arising out of the same loan transaction and related foreclosure proceedings against the same defendants in a prior federal action in which there was a final judgment on the merits.").

### B. ENG AGAIN ATTEMPTS TO CHALLENGE DEFENDANT'S OWNERSHIP OF THE PROPERTY THOUGH THIS ACTION

On June 16, 2024, Eng initiated the instant action, again trying to re-litigate the validity of the foreclosure sale and Defendant's ownership of the Subject Property. Plaintiffs purport to allege the following ten causes of action against Defendant: (1) Declaratory Judgment; (2) Breach

of Contract; (3) Nuisance; (4) Civil Conspiracy; (5) Violation of Truth in Lending Act; (6) Violation of Fair Lending Practices; (7) Estoppel; (8) Eminent Domain; (9) Financial Elder Abuse; and (10) Violation of Cal. Civil Code section 2924 et seq. All of these claims stem from Plaintiffs' allegation that the foreclosure sale was wrongful, Plaintiffs are the rightful owners of the Subject Property, and Defendant is acting in violation of the Restrictive Covenant. *See* Docket #1, Complaint, ¶¶6-15, 18-19, 21, 23-28, 39-40, 85, 92-93.

Eng is a vexatious litigant that cannot initiate a new case in pro se. *Eng v. Washington Mut. Bank, FA,* 586 Fed.Appx. 376, 377 (9th Cir. 2014) (upholding declaration that Eng is a vexatious litigant and prefiling order entered against him); *Eng v. Yoch* (Cal. Ct. App., Dec. 28, 2011, No. A130714) 2011 WL 6820387, at *3 (concluding the trial court properly found plaintiff to be a vexatious litigant" and issuing a pre-filing order limited to "any new *pro se* actions in this Court that name as parties Defendants or other individuals associated with this action"). As such, he has engaged the help of an attorney who similarly has been found to initiate frivolous litigation for improper purposes.

### III. DISCUSSION

"Filing a complaint in federal court is no trifling undertaking. An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and existing law…" *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation marks omitted). Rule 11 requires an attorney who has "present[ed] to the court a pleading, written motion or other paper – whether by signing, filing, submitting, or later advocating it" to certify "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the claims are warranted by existing law and that "the factual contentions have evidentiary support." Fed. R. Civ. Proc. 11(b)(3). An objective standard is applied to determine reasonableness under Rule 11. *Conn v. Borjorquez,* 967 F.2d 1418, 1421 (9th Cir. 1992).

The Court is empowered to "impose an appropriate sanction on any attorney, law firm, or party" that violates Rule 11(b). *See* Fed. R. Civ. Proc. 11(c)(4). Nonmonetary sanctions may include striking the offending pleading. Fed. R. Civ. Proc. advisory committee notes to 1993

amendment (listing "striking the offending paper" as possible Rule 11 sanction). The Court may consider a range of factors in deciding whether to impose monetary sanctions, including "[w]hether the improper conduct was willful, or negligent;" "whether it infected the entire pleading, or only one particular count or defense;" "what effect it had on the litigation process in time or expense;" "whether the responsible person is trained in the law;" and "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case." *Id.*

**A. RULE 11 SANCTIONS ARE APPROPRIATELY IMPOSED AGAINST PLAINTIFFS AND THEIR COUNSEL BECAUSE THE COMPLAINT IS FRIVOLOUS**

Rule 11 sanctions are properly imposed where a frivolous complaint is filed. *Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005); *see also Greenberg v. Sala,* 822 F.2d 882, 885 ("frivolous complaints" subject party to Rule 11 sanctions because they "sap the time of judges, forcing parties with substantial disputes to wait in a longer queue…"). Where, as here, "the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). As will be demonstrated herein, the Complaint is objectively baseless and Plaintiffs' attorney plainly did not make any inquiry concerning the viability of the claims prior to initiating this action.

**1. The Court Lacks Subject Matter Jurisdiction Over the Claims**

As an initial matter, Plaintiffs' claims fail because this Court does not have subject matter jurisdiction. "A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001); *see also* 28 U.S.C. § 1331, 1332; *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003) (complaint may be dismissed for lack of subject matter jurisdiction where grounds appear on "face of the complaint").

The Court lacks subject matter jurisdiction over the Complaint because no claim under

federal law is stated. Plaintiffs purport to allege a claim for Violation of Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, as the fifth cause of action. However, this is a frivolous claim, as the act imposes obligations on "furnishers of information" who provide information to credit reporting agencies. 15 U.S.C. §1861s-2(a). Defendant is not alleged to have furnished any consumer information to any credit reporting agency, and thus, the claim fails as a matter of law. *See Poore v. Simpson Paper Co.,* 566 F.3d 922 (9th Cir. 2009) (frivolous claim cannot establish subject matter jurisdiction).

Nor is there complete diversity of citizenship between the parties. Plaintiffs allege that Martin Eng is a California resident and Defendant is a California limited liability company. Docket #1, Complaint, ¶¶1-2; *see Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (diversity jurisdiction requires complete diversity, "meaning that each plaintiff must be of a different citizenship from each defendant.").

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ.P. 12(h)(3). Accordingly, Plaintiffs' claims fail as a matter of law because the Court lacks subject matter jurisdiction over the dispute.

**2. Res Judicata Bars Claims Arising from Defendant's Ownership of the Subject Property**

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.,* 28 Cal.4th 888, 896 (2002). Res judicata arises if a second suit involves: (1) the same cause of action; (2) between the same parties, or those in privity; (3) after a final judgment on the merits in the first suit. *Id.*; *see also Lucido v. Superior Court,* 51 Cal.3d 335, 341 (1990). "If claim preclusion is established, it operates to bar relitigation of the claim altogether." *DKN Holdings LLC v. Faerber,* 61 Cal.4th 813, 824 (2015).

"California's res judicata doctrine is based upon the primary right theory," that is, "even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." *Mycogen*, supra, 28 Cal.4th at 904. Accordingly, res judicata

bars not only the same claim, but different claims asserting the same primary right.  Furthermore, res judicata also bars unasserted claims *which could have been raised* if such claims relate to the subject-matter and are relevant to the issues of the first action.  *Thibodeau v. Crum,* 4 Cal.App.4th 749, 755 (1992).  Thus, res judicata also prevents a party from withholding claims in an attempt to litigate related claims in consecutive actions.  *Id.*

All of these elements are met here.  The Quiet Title Action was between Plaintiffs and Defendant over Plaintiffs' claimed ownership of the Subject Property and the validity of the Restrictive Covenant.  The Quiet Title Judgment was entered in favor of Defendant, conclusively determining that it is the fee simple owner of the Subject Property and that the Restrictive Covenant is null and void with no force or effect.  As such, all of Plaintiffs' claims in the Complaint, which purport to arise out of Plaintiffs' loss of the Property and Defendant's acquisition of the Property, are barred by the doctrine of res judicata.

### 3. The Complaint is Barred by the Statute of Limitations

The nonjudicial foreclosure sale of the Subject Property occurred in 2011 and Defendant acquired the Subject Property on April 27, 2018.  Plaintiffs initiated this action on June 16, 2024, or over six years later.  Plaintiffs' claims are therefore time-barred under any purported theory of liability asserted in the Complaint: breach of contract – four years (Cal. Code Civ. Proc. §337(a)); nuisance – three years (*Shamisan v. Atlantic Richfield Co.,* 107 Cal.App.4th 967, 979 (2003)); Violation of Truth in Lending Act and of Fair Lending Practices – one year (15 U.S.C. §1640(e)); financial elder abuse – four years (Welf. & Inst. Code, §15657.7); and wrongful foreclosure – three years (*Susilo v. Wells Fargo Bank, N.A.,* 796 F.Supp.2d 1177, 1195 (C.D. Cal. 2011)).  The statute of limitations for the declaratory relief, civil conspiracy, and estoppel claims are "determined by the nature of the underlying obligation sought to be adjudicated." *BASF Corp. v. Cesare's Collision Repair & Towing, Inc.,* 364 F.Supp.3d 1115, 1122 (E.D. Cal. 2019); *see also Maheu v. CBS*, 201 Cal.App.3d 662, 673 (1988).  As such, the Complaint is frivolous under an objective standard because all claims are time-barred.

### 4. The Complaint Fails to State a Claim Under any Legal Theory

Even if the claims were not barred by the doctrine of res judicata and the statute of

limitations, no claim is stated against Defendant under any cognizable legal theory. To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011). In other words, "to survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' which means that a plaintiff must plead sufficient factual content to 'allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *BHRS Group, LLC v. Brio Water Technology, Inc.,* 553 F.Supp.3d 793, 798 (C.D. Cal. 2021), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiffs have failed to allege sufficient facts supporting any of the purported ten claims for relief asserted in the Complaint.

      **a.**     **Declaratory Relief (First Cause of Action)**

Plaintiffs purport to seek a judicial declaration concerning the Restrictive Covenant, including that it precludes construction work at the Subject Property. Not only is this claim barred by res judicata, as discussed above, but even if it were not, any Restrictive Covenant recorded in 2008 would have been extinguished by the foreclosure sale under Chase's senior deed of trust. *National Wildlife Fed. v. Espy,* 45 F.3d 1337, 1342 (9th Cir. 1995) ("foreclosure by superior lienholder eliminates junior interests"); *see also* Miller & Starr, 4 Cal. Real Est. § 10:100 (4th ed.) ("The foreclosure sale eliminates or 'wipes out' all interests that were junior in priority to the deed of trust or mortgage; the title of the purchaser is not subject to such junior interests, even though they attached to the property before the foreclosure sale."). The Restrictive Covenant fails for the independent reason that under California law, a covenant that runs with the land cannot be created by a single owner of two parcels, like Plaintiffs attempted to do here. *Soman Properties, Inc. v. Rikuo Corp.,* 24 Cal.App.4th 471, 482 (1994).

Simply put, there is no ongoing controversy to be adjudicated between the parties, as the Restrictive Covenant has been conclusively determined to be invalid. The Court has further conclusively determined that Defendant is the owner of the Property and that Plaintiffs have no interest in the Property.

### b. Breach of Contract (Second Cause of Action)

Plaintiffs allege that the Restrictive Covenant is a contract between them and Defendant and that Defendant breached said covenant. This claim fails for the same reasons as the Declaratory Relief claim, as well as because Plaintiffs do not allege facts establishing any contractual relationship whatsoever between Plaintiffs and Defendant.

### c. Nuisance (Third Cause of Action)

A public nuisance is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civil Code §3480. A private nuisance is a "non-trespassory interference with the private use and enjoyment of land." *San Diego Gas & Elec. Co. v. Superior Court,* 13 Cal.4th 893, 937 (1996). Under California law, "[b]oth public and private nuisance claims require a showing of substantial and unreasonable interference, either with a public right or with the enjoyment of a plaintiff's property." *Coppola v. Smith,* 935 F.Supp.2d 993, 1018 (E.D. Cal. 2013).

Plaintiffs do not allege facts supporting a claim of "substantial and unreasonable interference" with the rights of the public at large or with Plaintiffs' rights. All that is alleged is that there is construction on Defendant's property causing noises from "birds and other animals." Complaint, ¶32. Plainly, this is insufficient to state a claim for public or private nuisance under California law.

### d. Civil Conspiracy (Fourth Cause of Action)

Under California law, "in order to state a cause of action based upon a conspiracy theory the plaintiff must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts." *State ex rel. Metz v. CCC Information Services, Inc.*, 149 Cal.App.4th 402, 419 (2007). "The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron v. Movie Acquisition Corp.,* 40 Cal.App.4th 1571, 1582 (1995). In stating a claim for conspiracy, "bare legal conclusions, inferences, generalities, presumptions, and conclusions are insufficient." *State ex rel. Metz, supra,* 149 Cal.App.4th at

419; *see also Favila v. Katten Muchin Rosenman LLP*, 188 Cal.App.4th 189, 211 (2010) ("because fraud was the object of the conspiracy alleged by [plaintiff], the claim must be pleaded with specificity").

Plaintiffs do not allege any facts, let alone facts with the requisite specificity, establishing Defendant entered into any conspiracy. Moreover, the only harm alleged by Plaintiffs is the loss of the Property which, as discussed above, has been conclusively resolved in favor of Defendant.

### e. Violation of Trust in Lending Act (Fifth Cause of Action)

As discussed above, the Violation of Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, claim is entirely frivolous, as the Act imposes obligations on "furnishers of information" who provide information to credit reporting agencies. 15 U.S.C. §1861s-2(a). Defendant is not alleged to have furnished any consumer information to any credit reporting agency, and thus, the claim fails as a matter of law.

### f. Violation of Fair Lending Practices (Sixth Cause of Action)

This claim is similarly frivolous. There are no allegations that Defendant was a lender or engaged in unfair lending practices.

### g. Estoppel - Illegal Permit Building (Seventh Cause of Action)

Plaintiffs apparently allege that Defendant should be estopped from performing construction at the Subject Property under an issued building permit. However, Plaintiffs fail to set forth any facts in support of the conclusory allegation that the permit was "erroneously issued" and fail to state any facts that would support a claim for estoppel.

### h. Eminent Domain (Eighth Cause of Action)

The eminent domain claim not only fails because Defendant is not a governmental entity and there are no specific facts alleged establishing the land will be used publicly, but also because Plaintiffs do not have any interest in the Property, as was conclusively determined in the earlier Quiet Title Action. *Rutgard v. City of Los Angeles*, 52 Cal.App.5th 815, 825 (2020) [("Under our state's Constitution, a public entity's eminent domain power authorizes the condemnation of private property only if "the public interest and necessity" so "require" and the property's owner is "just[ly] compensat[ed]" for the taking. (§ 1240.030, subd. (a); Cal. Const., art I, § 19; *see also*

U.S. Const., 5th Amend; §§ 1240.010, 1240.030.)]."); Cal. Code Civ. Proc., §1230.030 *et seq*.

### i.   Financial Elder Abuse (Ninth Cause of Action)

Under well-established law, statutory causes of action, such as a cause of action for elder abuse, must be pleaded with particularity and every fact essential to the existence of statutory liability must be pleaded. *See, e.g., Richardson-Tunnell v. School Insurance Program for Employees* (2008) 157 Cal.App.4th 1056, 1061 ("statutory causes of action must be pleaded with particularity…every fact essential to the existence of statutory liability must be pleaded"). Plaintiffs do not plead any specific facts establishing that Defendant engaged in financial elder abuse. *See* Cal. Welf. & Inst. Code §15610.30.

### j.   Violation of California Civil Code §2924

Although the basis of this claim is not entirely clear, it appears that Plaintiffs are again attempting to relitigate the 2011 foreclosure and Defendant's ownership of the Subject Property. For the reasons set forth in section 2, *supra*, this cause of action fails, as a final decision has been rendered upholding the validity of the foreclosure and Defendant's ownership.

Therefore, as demonstrated above, the Complaint fails to set forth facts to support any viable claim against Defendant and is objectively frivolous.

**B.   THE COURT SHOULD DISMISS THE COMPLAINT AND IMPOSE MONETARY SANCTIONS**

Defendant seeks an order from this Court pursuant to Rule 11 (1) dismissing the Complaint, and (2) awarding Defendant the reasonable fees and expenses incurred in filing this Rule 11 Motion and its Motion to Dismiss. *See* Fed. R. Civ. P. 11(c)(1), (2), (4); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017).

As noted above, the advisory committee notes instruct the Court to consider "[w]hether the improper conduct was willful, or negligent;" "whether it infected the entire pleading, or only one particular count or defense;" "what effect it had on the litigation process in time or expense;" "whether the responsible person is trained in the law;" and "what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case."   Given Eng and his attorney's demonstrated and extensive history of filing frivolous

litigation, and the abject frivolity of the Complaint filed in this action, there can be no question that the imposition of substantial sanctions is appropriate here, including dismissal of the Complaint with prejudice and monetary sanctions to compensate Defendant for having to respond to this meritless lawsuit.

Eng has been declared a vexatious litigant in both California State Court and the Northern District, affirmed by the Ninth Circuit. In *Eng v. Washington Mutual Bank, FA,* 2013 WL 622363 (N.D. Cal. Feb. 14, 2013), *aff'd*, 586 F.App'x 376 (9th Cir. 2014), a different action filed by Eng over a decade ago <u>attempting to challenge the very same foreclosure sale</u>, the Court dismissed the complaint as barred by the doctrine of res judicata and noted that Eng "has been involved in several prior actions against defendants on the Lombard property and foreclosure" and that Eng "has tried to relitigate the same claim multiple times." *Id.* at *4-5. The Court further noted that Eng is a "repeat offender" in filing frivolous claims and that "Judge Breyer previously found that [Eng] was harassing a different set of defendants by filing suit on the same general claims in both state and federal courts." *Id.* at *5; *see also Eng v. Marcus & Millichap Co.,* 2011 WL 2175207 (N.D. Cal. June 3, 2011) at *5 (finding Eng filed a frivolous complaint in violation of Rule 11); *Eng v. Yoch,* 2011 WL 6820387 (1d Cal. 2011) at *3 (listing several cases initiated by Eng in pro per and decided adversely against him).

Eng's attorney, Reshma Kamath, has likewise been reprimanded for bad faith filings and disrespectful conduct in court, including in the recent case of *Czech v. Herrera,* 2023 WL 7968410 (2d Cal. Nov. 17, 2023), where the court sanctioned her for "unfounded and offensive accusations" against the court, filing "meritless" motions, and refusing to cease her conduct even when the court reported her to the State Bar. *Id.* at *5; *see also Kar v. Patel*, N.D. Cal., case no. 4:23-cv-02064-YGR, Docket #87, Oct. 16, 2023 (dismissing complaint and referring Ms. Kamath to Standing Committee on Professional Conduct under Local Rule 11-6(a)(1) "in light of unfounded allegations and apparent unprofessional conduct"); *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.,* 2023 WL 7555284 (N.D. Cal. Nov. 13, 2023) (holding Kamath in contempt of Court for violating sanctions orders). In *Schwartzman v. South Coast Tax Resolution, Inc.,* 2023 WL 7969843 (2d Cal. Nov. 17, 2023), the Second District, California Court of Appeal

imposed sanctions against Kamath, finding that "[f]or over two years, Kamath has persisted in a troubling pattern of behavior…," including frivolous litigation tactics and outrageous conduct. *Id.* at *10; *see also Kamath v. Alsup et al.,* N.D. Cal., case no. 3:23-cv-06494-GPC (complaint filed by Kamath against district court judges who issued adverse rulings against her).

"The main objective of [Rule 11] is not to reward parties who are victimized by litigation; it is to deter baseless filings and curb abuses." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 553 (1991); *see also Christian v. Mattel,* 286 F.3d 1118, 1127 (9th Cir. 2002) ("One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers,…thereby avoiding delay and unnecessary expense and litigation."). Given Plaintiffs and their counsel's demonstrated willingness to flout the rules of Court and file frivolous complaints, costing litigants and the Court significant time and expense, the imposition of substantial Rule 11 sanctions here will further the statute's objectives.

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint and impose monetary sanctions against Plaintiffs and their counsel, Reshma Klamath, including awarding the costs and fees incurred in having to defendant against this frivolous suit to Defendant.

Dated: November 15, 2024

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

By: /s/ Jill Cohoe
Jeffrey H. Lowenthal
Jill K. Cohoe
Attorneys for Defendant
Byrne's Special Works, LLC